Stephen F. Roth
Scott E. Charney
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866

*Attorneys for Plaintiff Pro Sports,*
*Incorporated d/b/a Champion Sports*

**Document Filed Electronically**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PRO SPORTS, INCORPORATED d/b/a CHAMPION SPORTS, | : : : | Civil Action No. 09-1568-FLW-LHG |
| Plaintiff, | : : | |
| v. | : : : | District Judge Freda L. Wolfson  Magistrate Judge Lois H. Goodman |
| JOSEPH H. WEST, | : : | |
| Defendant. | : : | |
|  | x | |

## DECLARATION OF SCOTT E. CHARNEY
## IN SUPPORT OF PLAINTIFF PRO SPORTS INC.'S
## <u>MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS</u>

I, SCOTT E. CHARNEY, declare and state as follows:

1.      I am an associate with the law firm of Lerner, David, Littenberg, Krumholz &

Mentlik, LLP, counsel for plaintiff Pro Sports Inc. d/b/a Champion Sports ("Pro Sports").    I

submit this declaration in conjunction with Pro Sports' opposition to defendant's motion to

dismiss.

2.      Annexed hereto as Exhibit A is a true and correct copy of a charge of infringement letter sent on behalf of Joseph H. West ("West") to Venus Knitting Mills, Inc. of Murray Hill, New Jersey.

3.      Annexed hereto as Exhibit B is a true and correct copy of a charge of infringement letter sent on behalf of West to All American Sports Shops of Hackensack, New Jersey.

4.      Annexed hereto as Exhibit C is a true and correct copy of the Complaint filed in Civil Action No. 2:06-cv-05319.

5.      Annexed hereto as Exhibit D is a true and correct copy of the PACER docket sheet for Civil Action No. 2:06-cv-05319.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on:  June 1, 2009                                                   Scott E. Charney

# EXHIBIT A

LAW OFFICES OF
# JENNIFER COURTNEY, P.C.

301 OXFORD VALLEY ROAD
SUITE 1902A
YARDLEY, PA 19067

**JENNIFER COURTNEY\***
*Formerly Jennifer Courtney Etzrodt*
**ROBERT J. OPALKA**
**KAMI MILLER**

TELEPHONE: (215) 493-3360
FACSIMILE:  (215) 493-8119
jcourtney@courtneylaw.net
ropalka@courtneylaw.net
kmiller@courtneylaw.net

\*ALSO MEMBER OF NJ BAR

August 22, 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Venus Knitting Mills, Inc.
140 Spring Street
Suite #1
Murray Hill, New Jersey 07974

      Re:  Patent Infringement

Dear Sir/Madam:

      Our firm represents Joseph H. West in connection with patent matters relating to the patented West Vest Umpire Chest Protector.

      Mr. West has furnished us with a copy of your VSPORT "UPRO" chest protector.

      We have evaluated the VSPORT "UPRO" chest protector in comparison with the claims to protective garments set forth in Mr. West's United States Patent No. 5,530,966 ("the West Patent").  On the basis of that comparison, we believe that the VSPORT "UPRO" chest protector infringes a large number of the twenty-four claims in the patent. Under United States Patent Law, infringement of a patent is caused by the manufacture and/or the sale in the United States of a product covered by at least one of the claims in the patent.  It is our understanding that your company is selling as well as manufacturing the VSPORT "UPRO" chest protector.

      Mr. West is outraged by your infringement of his United States Patent, particularly as he believes that the infringement has been willful, with full knowledge of the existence



EXHIBIT B.

Venus Knitting Mills, Inc.
August 22, 2006
Page - 2 -

of his patent on the product. As you know, Wilson Sporting Goods manufactures a chest protector covered by the claims of the West Patent under license from Mr. West. That chest protector provides ample notice of the existence of the West Patent by the listing of the patent number. Under United States Patent Law, the listing of the patent number on the chest protector of Wilson Sporting Goods provides notice to the public, including Venus Knitting Mills, of the West Patent.

We demand that Venus Knitting Mills immediately cease and desist from any further manufacture of the VSPORT "UPRO" chest protector and any other chest protectors infringing Mr. West's patent.

Further, we demand that Venus Knitting Mills and its agent and employees take immediate steps to cease and desist from further sale of the VSPORT "UPRO" chest protector and any other chest protectors infringing Mr. West's patent.

In addition, we demand a full accounting of sales of chest protectors manufactured by Venus Knitting Mills, Also we demand a list of all purchasers of VSPORT" UPRO" chest protectors so that we can take corrective measures. Moreover, we demand to know the number of chest protectors in inventory and demand that they be given up to us.

I emphasize that we are holding Venus Knitting Mills responsible for the manufacture and sale of the infringing chest protectors. We regard as immaterial whether Venus Knitting Mills has an indemnity or cause of action against any third party that may produce components for the VSPORT "UPRO" chest protector or act as a sale agent.

We will expect to hear from you or your attorneys within fifteen (15) days from the date of this letter confirming that Your Company is complying immediately with the demands enumerated above. Unless we receive satisfactory and immediate compliance with out demands, Mr. West is prepared to enforce his rights by seeking an injunction, damages, your profits and Mr. West's attorneys' fees, as well as seeking recall and destruction of the offending chest protectors and increased damages for Venus Knitting Mills' willful infringement, including lost profits.

It is our hope that a resort to legal action will be unnecessary and that this matter can be resolved in a business-like and economical manner. However, in light of the will-fulness of the infringement, Mr. West will not tolerate your non-compliance with the

Venus Knitting Mills, Inc.
August 22, 2006
Page - 3 -


demands set forth herein, which can surely be obtained in a court proceeding.


                                        Sincerely,

                                        LAW OFFICES OF
                                        JENNIFER ETZRODT, P.C.


RJO:lf
Cc: Joseph H. West                      Robert J. Opalka, Esquire
John S. Child, Jr., Esquire
P:\WestJoe\060822VenusKnitting.doc

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.34 |

Postmark Here

7004 3379 0001 1160 7004

Sent To
*Venus Knitting Mills Inc.*
Street, Apt. No.; or PO Box No. *Ste #1 - 140 Spring St.*
City, State, ZIP+4 *Murray Hill, N.J. 07974*

PS Form 3800, June 2002          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Venus Knitting Mills Inc.*
*Ste #1*
*140 Spring St.*
*Murray Hill N.J.*
*07974*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☑ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
*Abboll*                          *8-29-06*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7004 1160 0001 3379 0161

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

# EXHIBIT B

LAW OFFICES OF
## JENNIFER COURTNEY, P.C.

301 OXFORD VALLEY ROAD
SUITE 1902A
YARDLEY, PA 19067

**JENNIFER COURTNEY\***
*Formerly Jennifer Courtney Etzrodt*
**ROBERT J. OPALKA**
**KAMI MILLER**

TELEPHONE: (215) 493-3360
FACSIMILE:  (215) 493-8119
jcourtney@courtneylaw.net
ropalka@courtneylaw.net
kmiller@courtneylaw.net

\*ALSO MEMBER OF NJ BAR

September 26, 2006

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

All American Sports Shop
325 Hudson Street
Hackensack, Nedw Jersey 07601

Re:  Patent Infringement

Dear Sir/Madam:

Our firm represents Joseph H. West in connection with patent matters relating to the patented West Vest Umpire Chest Protector.

We have obtained a copy of your All American Pro Chest Protector, Model #AA39.

We have evaluated the All American Pro Chest Protector in comparison with the claims to protective garments set forth in Mr. West's United States Patent No. 5,530,966 ("the West Patent").  On the basis of that comparison, we believe that the All American Pro Chest Protector infringes a large number of the twenty-four claims in the patent. Under United States Patent Law, infringement of a patent is caused by the manufacture and/or the sale in the United States of a product covered by at least one of the claims in the patent.  It is our understanding that your company is selling as well as manufacturing the All American Pro Chest Protector.

Mr. West is outraged by your infringement of his United States Patent, particularly as he believes that the infringement has been willful, with full knowledge of the existence

EXHIBIT $\boxed{C.}$

All American Sports Shop
September 26, 2006
Page - 2 -

of his patent on the product. As you know, Wilson Sporting Goods manufactures a chest protector covered by the claims of the West Patent under license from Mr. West. That chest protector provides ample notice of the existence of the West Patent by the listing of the patent number. Under United States Patent Law, the listing of the patent number on the chest protector of Wilson Sporting Goods provides notice to the public, including All American Sports Shop.

We demand that All American Sports Shop immediately cease and desist from any further manufacture of the All American Pro Chest Protector and any other chest protectors infringing Mr. West's patent.

Further, we demand that All American Sports Shop and its agent and employees take immediate steps to cease and desist from further sale of the All American Pro Chest Protector and any other chest protectors infringing Mr. West's patent.

In addition, we demand a full accounting of sales of chest protectors manufactured as the All American Pro Chest Protector. Also we demand a list of all purchasers of All American Pro Chest Protectors so that we can take corrective measures. Moreover, we demand to know the number of chest protectors in inventory and demand that they be given up to us.

I emphasize that we are holding All American Sports Shop responsible for the manufacture and sale of the infringing chest protectors. We regard as immaterial whether All American Sports Shop has an indemnity or cause of action against any third party that may produce components for the All American Pro Chest Protector or act as a sale agent.

We will expect to hear from you or your attorneys immediately confirming that Your Company is complying immediately with the demands enumerated above. Unless we receive satisfactory and immediate compliance with our demands, Mr. West will enforce his rights by seeking an injunction, damages, your profits and Mr. West's attorneys' fees, as well as seeking recall and destruction of the offending chest protectors and increased damages for All American Sports Shop willful infringement, including lost profits.

It is our hope that this matter can be resolved in a business-like and economical manner. However, in light of the willfulness of the infringement, Mr. West will not tolerate your non-compliance with the demands set forth herein, which can surely be

All American Sports Shop.
September 26, 2006
Page - 3 -

obtained in a court proceeding.  Mr. West has successfully prosecuted the rights to his umpire's chest protector in the past and will not hesitate to do so again.

Sincerely,

LAW OFFICES OF
JENNIFER COURTNEY, P.C.

Robert J. Opalka, Esquire

RJO:lf
Cc:  Joe H. West
      John Child, Jr. Esquire
      P:\WestJoe\060926AllAmericanSportsShop.doc

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7005 3110 0002 6766 6408

Sent To *All American Sports Shop*
Street, Apt. No.; or PO Box No. *325 Hudson St.*
City, State, ZIP+4 *Hackensack, N.J. 07601*

PS Form 3800, June 2002                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*All American Sports Shop*
*325 Hudson St.*
*Hackensack, N.J.*
*07601*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*Lasina*                          *09-28*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:            ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7005 3110 0002 6766 6408

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1840

# EXHIBIT C

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOSEPH H. WEST | ALL AMERICAN SPORTS SHOP, VENUS KNITTING MILLS and PRO-REF SPORTSWEAR |

**(b)** County of Residence of First Listed Plaintiff    Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Bergen County, NJ
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jennifer Courtney, Esquire, 301 Oxford Valley Road, Suite 1902A, Yardley, PA 19067

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Med. Malpractice | ☐ 625 Drug Related Seizure |    28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 365 Personal Injury - |    of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
|    & Enforcement of Judgment |    Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent |    Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |    Liability |    Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |    Safety/Health | | ☐ 490 Cable/Sat TV |
|    (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment |    Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) |    Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |    Property Damage |    Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract |    Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |    12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury | |    & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |    Sentence | ☐ 791 Empl. Ret. Inc. |    or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** |    Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land |    Accommodations | ☐ 530 General | |    26 USC 7609 |    Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | |    Under Equal Access |
| |    Employment | ☐ 550 Civil Rights | | |    to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| |    Other | | | |    State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 USC §271

Brief description of cause:
Infringement of Plaintiff's Patent for an umpire's chest protrector

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $    500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE        DOCKET NUMBER

DATE   10/31/04

SIGNATURE OF ATTORNEY OF RECORD   Jenny

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| Joseph H. West | : | |
|     **Plaintiff** | : | |
| | : | |
|     **vs.** | : | **Civil Action No.** |
| | : | |
| **All American Sports Shop** | : | |
| **Venus Knitting Mills, Inc. and** | : | |
| **Pro-Ref Sportswear** | : | |
|     **Defendants** | : | |

## COMPLAINT FOR PATENT INFRINGEMENT AND RELATED CLAIMS WITH DEMAND FOR JURY TRIAL

1. Plaintiff, Joseph H. West, is an individual residing at 4904 Travellers Palm, Tamarac, FL. 32319.

2. Defendant, All American Sports Shop is a sporting goods manufacturer/ distributor/ vendor with a principal place of business at 325 Hudson Street, Hackensack, New Jersey 07601.

3. Defendant, Venus Knitting Mills, Inc. is a sporting goods manufacturer/distributor/vendor, with a principal place of business at 140 Spring Street, Murray Hill, NJ 07974.

4. Defendant, Pro-Ref Sportswear is a manufacturer/distributor/vendor with a principal place of business in Tampa, Florida and who, upon information and belief sells sporting goods throughout the United States, including the District of New Jersey.

5. This action arises under the Act of June 25, 1948, 62 Stat.869, U.S.C. Title 28, § 1338(a) and (b), related to patents and unfair competition, as hereinafter more fully appears, and further under 28 U.S.C. § 1331 as a civil action arising under the laws of the United States and further pursuant to the doctrines of pendant and ancillary jurisdiction.

6. Plaintiff is a Major League Baseball umpire with 28 years of service time in Major League Baseball. He has worked in two All Star Games, three Division Series playoffs, seven League Championship Series playoffs and three World Series.

7. Plaintiff introduced the first successful protective garment for baseball umpires having an inner cushioned layer and outer layer of interconnected plates through his own inventions which met with widespread approval and adoption, and Plaintiff became the recognized leader in his field, which position has remained unchallenged and has continued through the present date.

8. On July 2, 1996, United States Patent No. 5,530,966 for Protective Garment for Baseball Umpires Having an Inner Cushioned Layer and an Outer Layer of Interconnected Plates (hereinafter, "patented umpire's chest protector") was duly and regularly issued to Plaintiff. A true and correct copy of the aforesaid patent is attached hereto as Exhibit "A".

9. Plaintiff has entered into an exclusive licensing agreement to market and sell his patented umpire's chest protector with Wilson Sporting Goods ("Wilson"). Wilson markets the patented umpire's chest protector as the "West Vest" in four variations: West Vest Platinum Chest Protector, product #A3215; West Vest Gold Chest Protector, product #A3210; West Vest Original, product #A3209; and, West Vest fitted Chest Protector, product #A3217 (collectively, the "West Vests").

10. Plaintiff has given notice of his patent by duly and properly marking the patent numbers on the West Vests sold by Wilson pursuant to the licensing agreement, in

2

accordance with Title 35, United States Code, Section 287. Moreover, Plaintiff states on his website, www.umpirejoewest.com, that the four variations of the West Vests are protected by United States Patent #5,530,966.

11. Plaintiff is now and has been at all times since the respective date of issuance of the aforesaid patent, the owner of said patent and of all rights thereto and thereunder.

12. Plaintiff is the owner of certain valuable trade secrets relating to the manufacture, testing and calibration of his patented umpire's chest protector; such trade secrets have enabled Plaintiff to manufacture and make available umpire's chest protectors which are unsurpassed in protection and performance; Plaintiff's trade secrets are very important to the successful building of his patented umpire's chest protector; Plaintiff has guarded such trade secrets carefully; and Plaintiff discloses such trade secrets to certain employees of Wilson, only upon receiving promises of secrecy from such employees.

13. Plaintiff did not disclose such trade secrets to Defendants, All American Sports Shop, Venus Knitting Mills, Inc and/or Pro Ref Sportswear (collectively, the "Defendants").

14. Plaintiff has become aware that Defendant, Venus Knitting Mills, Inc. makes and/or markets an umpire's chest protector, model #'s UPRO13, UPRO15 and UPRO17 (the "VKM umpire's chest protector") which he believes violates his patent.

15. On or about August 22, 2006, Plaintiff sent a letter to Defendant, Venus Knitting Mills, Inc. demanding, *inter alia*, that Defendant cease any further manufacture and/or sale of the VKM umpire's chest protector. A true and correct copy of the August 22, 2006 correspondence is attached hereto as Exhibit "B".

3

16. Plaintiff has become aware the Defendants, All American Sports Shop and Pro-Ref Sportswear make and/or market an umpire's chest protector, the All American Pro Chest Protector, which protector is identified by Defendant All American Sports Shop as model #'s AA-37, AA-38 and AA-39 and which Plaintiff believes violates his patent.

17. On or about September 26, 2006, Plaintiff sent a letter to Defendant All American Sports Shop demanding, *inter alia*, that Defendant cease any further manufacture and/or sale of the All American Pro Chest Protector. A true and correct copy of the September 26, 2006, letters are attached hereto as Exhibit "C".

18. On or about October 4, 2006, Plaintiff faxed a letter to Defendant Pro-Ref Sportswear demanding, *inter alia*, that Defendant cease any further manufacture and/or sale of the All American Pro Chest Protector. A true and correct copy of the October 4, 2006, letter is attached hereto as Exhibit "D".

19. Upon inspection of the VKM umpire's chest protector and the All American Pro Chest Protector, Plaintiff believes and therefore avers that they are identical to each other and manufactured in the same facility in China.

20. In the course of the conduct above specified, the Defendants, Venus Knitting Mills, Inc., All American Sports Shop and Pro-Ref Sportswear have in the past and are presently inflicting grievous and irreparable harm, damage, and injury upon Plaintiff and have specifically given rise to the following causes of action:

## **First Count - Patent Infringement**

21. Plaintiff hereby incorporates paragraphs 1 through 20 above as if set forth at length herein.

4

22.  Defendants have infringed and are now infringing the claims of United States Patent No. 5,530,966 by making, using and/or selling within the District of New Jersey, Newark Vicinage and elsewhere within the United States, the VKM umpire's chest protector, and the All American Pro Chest Protector, embodying the inventions claimed therein by Plaintiff, and will continue to do so, causing Plaintiff added injury and loss of profits unless enjoined by this Court.

23.  Defendant, Venus Knitting Mills' infringement has been willful and deliberate in that, *inter alia,* Venus Knitting Mills received notice of possible infringement prior to the August 22, 2006 cease and desist correspondence and failed to make any reasonable effort to research/explore possible patent infringement or willfully ignored the results of any research it may have made into possible patent infringement.

24.  Defendant, All American Sports Shop's infringement has been willful and deliberate in that, *inter alia*, All American Sports Shop advertises and sells the All American Pro Chest Protector along with the West Vests, which are marked with the patent number, and has failed to make any reasonable effort to research/explore the possible patent infringement or has willfully ignored the results of any research it may have made into possible patent infringement.

25.  Defendant, Pro-Ref Sportswear's infringement has been willful and deliberate in that, *inter alia,* Pro-Ref Sportswear has utilized a testimonial from an un-named minor league umpire on its website, at www.pro-ref.com, that specifically references the Wilson West Vest, the West Vest Gold and the West Vest Platinum and has failed to make any reasonable effort to research/explore the possible patent infringement or has willfully ignored the results of any research it may have made into possible patent infringement.

5

## Second Count - Unfair Competition

26. Plaintiff hereby incorporates paragraphs 1 through 25 above as if set forth at length herein.

27. Defendants have unfairly competed with Plaintiff by copying well-known patented features of Plaintiff's patented umpire's chest protector, the West Vests, and by otherwise causing customer confusion; by using and disclosing trade secrets of Plaintiff, all of which practices already have resulted in serious injury to Plaintiff's business position, reputation, and good will, and will result in irreparable injury to Plaintiff unless enjoined by this Court.

**WHEREFORE**, Plaintiff, Joseph H. West prays that:

(a) A temporary restraining order be granted to restrain Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with Defendants from destroying, defacing, or damaging any papers, documents, records, or drawings, or from removing any papers, documents, records, drawings, from the jurisdiction of this Court, unless permission is first obtained from this Court; such order further to restrain the aforementioned parties from disclosing or divulging to others any information contained in any and all papers, records, documents, or drawings, including copies, substantial copies, abstracts, or summaries thereof, which are now or ever were the property of Plaintiff in this action, or which partially or wholly reveal trade secrets of Plaintiff herein, or any other information which partially or wholly reveals a trade secret learned by Defendants concerning Plaintiff's West Vests herein; such order to remain in

effect until the hearing and determination of the application herein made for a preliminary injunction;

(b) After hearing, a preliminary injunction be granted to enjoin Defendants, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them from destroying, defacing, or damaging any papers, documents, records, or drawings, or from removing any papers, documents, records, or drawings from the jurisdiction of this Court, unless permission is first obtained from this Court; said preliminary injunction further to enjoin the aforementioned parties from disclosing or divulging to others any information continued in any and all papers, documents, or drawings, including copies, substantial copies, abstracts, or summaries thereof, which are now or ever were the property of Plaintiff in this action, or which partially or wholly reveal trade secrets of Plaintiff herein, or any other information which partially or wholly reveals a trade secret learned by Defendants from Plaintiff; such preliminary injunction to remain in effect until Plaintiff's attorneys have had reasonable opportunity to take the depositions of the officers and employees of Defendants, and to have its discovery;

(c) Defendants be ordered to appear and show cause why the application for the aforesaid preliminary injunction should not be granted;

(d) An injunction be granted perpetually restraining Defendants and all those in privity with Defendants from further infringement of Plaintiff's patent, further use or disclosure of any trade secrets or other confidential information belonging to Plaintiff, and any further acts of unfair competition against Plaintiff;

(e) Defendants be required to account to Plaintiff for the actual damages suffered by Plaintiff as the result of the infringement of Plaintiff's patent by Defendants and that

such damages be trebled because of the willful and deliberate character of the infringement;

(f) Plaintiff be awarded exemplary damages from Defendants;

(g) Defendants be ordered to account to Plaintiff for Defendants' profits and all other unjust enrichment resulting from the wrongful violation of Plaintiff's patent and the taking and use of Plaintiff's trade secrets, skills, and know-how;

(h) Plaintiff be allowed his costs; and

(i) Such other and further relief be granted to which Plaintiff may be justly entitled.

Further, Plaintiff demands a jury trial in this matter.

LAW OFFICES OF
JENNIFER COURTNEY, P.C.


Jennifer Courtney, Esquire
Attorney for Plaintiff
Joseph H. West
301 Oxford Valley Road
Suite 1902 "A"
Yardley, PA 19067
(215) 493-3360
(215) 493-8119 (Facsimile)

# EXHIBIT D

CLOSED, RULE16, SCHEDO

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:06-cv-05319-SDW-MCA

WEST v. ALL AMERICAN SPORTS SHOP et al
Assigned to: Susan D. Wigenton
Referred to: Magistrate Judge Madeline C. Arleo
Cause: 35:271 Patent Infringement

Date Filed: 11/06/2006
Date Terminated: 12/12/2007
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**JOSEPH H. WEST**                    represented by   **JENNIFER ANNE COURTNEY**
301 OXFORD VALLEY ROAD
SUITE 1902A
YARDLEY , PA 19067
215-493-3360
Email: jcourtney@courtneylaw.net
*TERMINATED: 10/12/2007*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PHILIP J. COHEN**
KAMENSKY-COHEN &
ASSOCIATES
194 SOUTH BROAD STREET
TRENTON , NJ 08608
(609) 394-8585
Fax: (609) 394-8620
Email: pcohen@kc-law.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ALL AMERICAN SPORTS SHOP**

**Defendant**

**VENUS KNITTING MILLS, INC.**

**Defendant**

**PRO-REF SPORTSWEAR**

**Counter Claimant**

**VENUS KNITTING MILLS, INC.**                    represented by  **HOWARD J. SCHWARTZ**
                                                                 WOLFF & SAMSON, PC
                                                                 ONE BOLAND DRIVE
                                                                 WEST ORANGE , NJ 07052
                                                                 (973) 325-1500
                                                                 Email: hschwartz@wolffsamson.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**JOSEPH H. WEST**

**ThirdParty Plaintiff**

**ALL AMERICAN SPORTS SHOP**              represented by  **ARTHUR M. PESLAK**
                                                         MANDEL & PESLAK, LLC
                                                         80 SCENIC DRIVE
                                                         SUITE 5
                                                         FREEHOLD , NJ 07728
                                                         (732) 761-1610
                                                         Email: apeslak@mandelpeslak.com
                                                         *ATTORNEY TO BE NOTICED*


V.

**ThirdParty Defendant**

**Efinger' Sporting Goods Co.**

| Date Filed | # | clear | Docket Text |
|---|---|---|---|
| 11/06/2006 | 1 | ☐ | COMPLAINT against ALL AMERICAN SPORTS SHOP, VENUS KNITTING MILLS, INC., PRO-REF SPORTSWEAR ( Filing fee $ 350 receipt number 342026.) JURY DEMAND, filed by JOSEPH H. WEST. (ld, ) (Entered: 11/08/2006) |
| 11/28/2006 | 2 | ☐ | Summons Issued as to ALL AMERICAN SPORTS SHOP, VENUS KNITTING MILLS, INC., PRO-REF SPORTSWEAR.Days Due - 20. (nr, ) (Entered: 11/30/2006) |
| 02/07/2007 | 3 | ☐ | ANSWER to Complaint *Affirmative Defenses, and*, COUNTERCLAIM against JOSEPH H. WEST by VENUS KNITTING MILLS, INC.. (SCHWARTZ, HOWARD) (Entered: 02/07/2007) |
| 02/26/2007 | 4 | ☐ | *All American Sports Shop* ANSWER to Complaint with Jury Demand, First THIRD PARTY COMPLAINT against Efinger' Sporting Goods Co. by ALL AMERICAN SPORTS SHOP. (Attachments: # 1 Summons Summons to Third Party Defendant Efinger's Sporting Goods)(PESLAK, |

| | | | |
|---|---|---|---|
| | | | ARTHUR) (Entered: 02/26/2007) |
| 03/07/2007 | 5 | | Summons Issued as to Efinger' Sporting Goods Co..Days Due - 20. (nr, ) (Entered: 03/07/2007) |
| 08/06/2007 | | | Minute Entry for proceedings held before Judge Madeline C. Arleo : Scheduling Conference held on 8/6/2007. (drc, ) (Entered: 08/29/2007) |
| 08/13/2007 | 6 | | NOTICE of Voluntary Dismissal by ALL AMERICAN SPORTS SHOP (PESLAK, ARTHUR) (Entered: 08/13/2007) |
| 08/28/2007 | 7 | | LETTER ORDER scheduling Initial Conference for 10/15/2007 at 12:00 PM in Newark - Courtroom 2A before Magistrate Judge Madeline C. Arleo. JOINT DISCOVERY PLAN MUST BE SUBMITTED PRIOR TO THE CONFERENCE. CM/ECF IS MANDATORY FOR ALL FILINGS. Signed by Judge Madeline C. Arleo on 8/28/07. (jl, ) (Entered: 08/28/2007) |
| 10/12/2007 | 8 | | Substitution of Attorney - Attorney PHILIP COHEN and JENNIFER ANNE COURTNEY for JOSEPH H. WEST added. Attorney JENNIFER ANNE COURTNEY terminated.. (COURTNEY, JENNIFER) (Entered: 10/12/2007) |
| 10/12/2007 | 9 | | First MOTION for Leave to Appear Pro Hac Vice *by Robert J. Opalka, Esquire* by JOSEPH H. WEST. (COURTNEY, JENNIFER) (Entered: 10/12/2007) |
| 10/12/2007 | 10 | | Proposed Pretrial Order *and Discovery Plan* by JOSEPH H. WEST. (COURTNEY, JENNIFER) (Entered: 10/12/2007) |
| 10/12/2007 | | | Set Deadlines as to 9 First MOTION for Leave to Appear Pro Hac Vice *by Robert J. Opalka, Esquire*. Motion Hearing set for 11/12/2007 10:00 AM before Susan D. Wigenton. (nr, ) (PLEASE BE ADVISED THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (Entered: 10/15/2007) |
| 10/15/2007 | | | Minute Entry for proceedings held before Judge Madeline C. Arleo : Scheduling Conference held on 10/15/2007. (drc, ) (Entered: 11/01/2007) |
| 10/16/2007 | 11 | | LETTER ORDER: Settlement Conference set for 12/5/2007 02:00 PM before Magistrate Judge Madeline C. Arleo.. Signed by Judge Madeline C. Arleo on 10/15/2007. (nr, ) (Entered: 10/17/2007) |
| 10/17/2007 | | | TEXT ORDER rescheduling the settlement conference from DECEMBER 5, 2007 to DECEMBER 12, 2007 at 2:00 p.m. before Judge Madeline Cox Arleo. Parties are reminded to deliver to the court (by e-filing) and counsel a letter, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, discovery needed going forward, and the client's position on settlement. Status settlement letters should be received five days prior to the scheduled conference.. Ordered by Judge Madeline C. Arleo on 10/17/07. (jl, ) (Entered: 10/17/2007) |
| 11/15/2007 | 12 | | ORDER granting 9 Motion for Robert J. Opalka to Appear Pro Hac Vice. |

| | | | Signed by Judge Madeline C. Arleo on 10/12/2007. (nr, ) (Entered: 11/16/2007) |
|---|---|---|---|
| 12/07/2007 | 13 | ☐ | Letter from Counsel for All-American Sports Shop. (PESLAK, ARTHUR) (Entered: 12/07/2007) |
| 12/12/2007 | 14 | ☐ | ORDER DISMISSING CASE as settled, w/out costs. Signed by Judge Susan D. Wigenton on 12/12/2007. (nr, ) (Entered: 12/13/2007) |
| 02/15/2008 | 15 | ☐ | ORDER extending deft's time to consummate settlement for an additional 60 days. Signed by Susan D. Wigenton on 02/13/2008. (nr, ) Modified on 2/19/2008 (nr, ). (Entered: 02/19/2008) |

[ View Selected ]

or

[ Download Selected ]

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2009 13:56:20 | | | |
| **PACER Login:** | ld0017 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-05319-SDW-MCA Start date: 1/1/1970 End date: 5/12/2009 |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |