UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PRO SPORTS INCORPORATED, doing business as CHAMPION SPORTS Plaintiff, v. JOSEPH H. WEST Defendant. | Civil No. 3:09-cv-01568 OPINION |

**WOLFSON, United States District Court Judge:**

 Presently before the Court is the motion by Defendant Joseph H. West ("Defendant" or "West"), to dismiss Pro Sports Inc.'s ("Plaintiff" or "Pro Sports") Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or alternatively for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3). In its Complaint, Plaintiff seeks a declaration that Plaintiff is not infringing on Defendant's Patent No. 5,530,966 entitled Protective Garment For Baseball Umpires Having An Inner Cushioned Layer And An Outer Layer Of Interconnected Plates ("the '966 Patent"), and a declaration that the '966 Patent is invalid. For the reasons that follow, the Court denies West's Motion to Dismiss, finding personal jurisdiction over West, and that venue in the District of New Jersey is proper.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

 Plaintiff is a New Jersey corporation whose principal place of business is located in Marlboro, New Jersey. (Pl. Compl. ¶ 1). Plaintiff manufactures, markets, and distributes recreational and sporting equipment within New Jersey, including umpire chest protectors,

1

identified as model numbers P200, P210, and P220 "the Accused Products". Id. ¶ 9-10. West, the owner of the '966 Patent, is an individual who resides in Fort Lauderdale, Florida. Id. ¶ 2, 11. On March 11, 2009, counsel for West forwarded a letter to Plaintiff's office in New Jersey alleging infringement of the '966 Patent. (Pl. Compl. Ex. A). The letter demanded that Plaintiff cease and desist all manufacture and sale of the Accused Products. Id. If Plaintiff failed to comply, West threatened Plaintiff with legal action seeking, among other things, an injunction, damages, profits, and recall and destruction of the Accused Products. Id.

On April 1, 2009, Plaintiff filed the instant action. In an effort to stave off a protracted infringement suit, Plaintiff sought a declaration in this Court that the Accused Products do not infringe on the '966 Patent. Id. at ¶ 19.[1] Alternatively, Plaintiff sought a declaratory judgment that the '966 Patent is invalid for failure to comply with Title 35 of the United States Code. Id. at ¶ 41. In its complaint, Plaintiff asks this Court to deem this case "exceptional" within the meaning of 35 U.S.C. § 287, and to award attorney's fees, costs and expenses, and any other relief the Court deems proper. Id. at pp. 7-8.

On May 8, 2009, West filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), and alternatively, argued improper venue under 12(b)(3). (Def.'s Motion Dismiss). Subsequently, West filed a Declaration in support of the present motion. (West. Decl.). Plaintiff then filed Opposition, accompanied by a Declaration of Scott E. Charney, on June 1, 2009. (Pl. Opp.; Charney Decl.). In its Opposition, Plaintiff argues there is personal jurisdiction over West, and that venue is appropriate in the District of New Jersey. (Pl. Opp. p. 2, 12).[2]

---

[1] The Court need not concern itself, at least at this point, with the merits of Plaintiff's declaratory action.

[2] Plaintiff also moved for additional limited discovery if the Court did not find specific jurisdiction upon the facts plead. Given the fact that the Court finds that there is personal jurisdiction over West on the facts alleged, the Court need not address the issue of whether additional limited discovery is necessary.

In support, Plaintiff cites to West's prior contacts with the District of New Jersey, namely West's significant efforts to enforce his patent rights in this District. On August 22, 2006, West sent a cease and desist letter to Venus Knitting Mills, Inc. ("Venus"), a sporting goods manufacturer based in Murray Hill, New Jersey. (Charney Decl., Ex. A). Similar to the letter sent to Plaintiff, West alleged that Venus was infringing on the '966 Patent, and threatened court proceedings for failure to comply with the terms of the letter. Id. An identical letter was subsequently sent to All American Sports Shop, ("All American"), a sporting goods manufacturer based in Hackensack, New Jersey, also alleging infringement of the '966 Patent. Id. at Ex. B. When Venus and All American did not acquiesce to West's demands, on November 06, 2006, West filed Civil Action No. 06-05319 in the District of New Jersey against Venus, All American, and Pro-Ref Sportswear ("Pro-Ref"), a company with its principal place of business in Florida, alleging patent infringement and unfair competition. Id. at Ex. C, ¶ 3. On December 12, 2006, the case was settled and dismissed. Id. at Ex. C. Plaintiff argues in his Opposition that this prior contact with New Jersey creates sufficient minimum contacts to render personal jurisdiction over West appropriate. On June 8, 2009, West filed his reply, reiterating his position that, New Jersey does not have personal jurisdiction over him, additional discovery is not warranted, and venue is improper. (Def. Reply). For the reasons that follow, the Court denies Defendant's Motion to Dismiss.

## II. DISCUSSION

### A. Personal Jurisdiction

#### 1. Standard of Review

The present motion before the Court challenges this Court's personal jurisdiction over West. Once challenged, a plaintiff bears the burden of establishing personal jurisdiction.

General Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) (finding the plaintiff must demonstrate "[a] nexus between defendant, the forum, and the litigation."). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir.2004); See also Cateret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n. 1 (3d Cir.1992). "If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor." 4 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1067.6 (3d ed. 2002).

Whether a court has personal jurisdiction over a defendant requires a determination "whether jurisdiction lies under both the applicable long arm statute and the Due Process Clause of the Federal Constitution." Viam Corp. v. Iowa Export-Import Trading Co. 84 F.3d 424, 429 (Fed. Cir. 1996). The New Jersey long-arm statute establishes New Jersey's jurisdiction reach to be conterminous with that allowed under the U.S. Constitution, subject only to due process of law. Thus, the central inquiry is whether Defendant has "certain minimum contacts with … [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." See International Shoe Co.. v. Washington, 326 U.S. 310, 316 (1945).

### 2. Federal Circuit Law Governs

Minimum contacts generally require that a defendant has "purposely availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Viam 84 F.3d 428 (citing Hanson v. Denckla 357 U.S. 235, 253 (1958). In cases involving a patent, the issue of personal jurisdiction in a declaratory action for non-

4

infringement is "intimately related to patent law" and thus governed by Federal Circuit law, rather than the law of the regional circuit. Breckenridge Pharmaceutical v. Metabolite Laboratories, Inc., 444 F.3d 1356, 1362 (Fed. Cir. 2006) (citing Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir.2003)). As in all federal circuits, the requisite minimum contacts can be satisfied by either general jurisdiction or specific jurisdiction over the defendant.

General jurisdiction over non-forum related claims is proper if the defendant has engaged in "continuous and systematic" activities in the state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984); see also Silent Drive 326 F.3d at 1200. General jurisdiction allows a court to assert personal jurisdiction over an out-of-court defendant "even when the cause of action has no relationship with those contacts." Silent Drive, 326 F.3d at 1200 (quoting Helicopteros 466 U.S. at 416.[3]

Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if the cause of action "arises out of" or "relates to" the defendant's in-state activity. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985). Normally, in a patent infringement case, at issue is the defendant's "making, using, offering to sell, selling, or importing products or services that may constitute an infringement"; "thus, the [specific] jurisdictional inquiry is often discerned from the commercialization of the accused products or services by the defendant in the forum." See Avocent Huntsville Corp. v. Aten International Co., Ltd. 552 F.3d 1324, 1332. However, "in the context of an action for a declaratory judgment of non infringement. . . the patentee is the defendant, . . . [and] the nature of the claim is to clear the air of infringement charges." Id. In

---

[3] Because the Court's finds specific jurisdiction over West is appropriate see infra, the Court will forego a detailed analysis of whether West is subject to this District's general jurisdiction.

the context of establishing personal jurisdiction, an infringement claim does not concern the supposed infringing products, rather, it relates "to the activities of the defendant patentee in enforcing the patent or patents in suit." Id.  Therefore, under Federal Circuit law, specific personal jurisdiction is proper where 1) the defendant purposely directed his activities at the forum, 2) the claim arises out of or relates to those activities, and 3) the assertion of personal jurisdiction is reasonable and fair.  Breckenridge 444 F.3d at 1363.

### 3. West's Prior Enforcement Activities regarding the '966 Patent Creates Specific Personal Jurisdiction

Plaintiff argues that West purposely directed his activities at New Jersey.  To that end, Plaintiff directs this Court's attention to several actions West has taken in an effort to protect his patent rights, including a cease and desist letter sent to Plaintiff's office, as well as similar cease and desist letters to Venus and All American, both New Jersey entities, in 2006.  (Compl. Ex. A); (Charney Decl. Ex. A-B).  Nevertheless, both sides are in agreement that cease and desist letters, without more, do not support specific personal jurisdiction.  See Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1360 (Fed. Cir. 1998).  "The crux of the due process inquiry should focus first on whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters . . ." Breckenridge 444 F.3d at 1366.  Thus, in declaratory judgment actions seeking a judgment of non-infringement, case law has "required the defendant to have engaged in 'other activities' that relate to the enforcement or the defense of the validity of the relevant patents.  Avocent 552 F.3d at 1334 (citing Campbell Pet Co. v. Miale, 542 F.3d 879, 886 (Fed. Cir. 2008)).  "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." Id. (citing Campbell Pet Co., 542 F.3d

6

at 886) (emphasis added).  Additionally, "the plaintiff need not be the forum resident toward whom any, much less all, of the defendant's relevant activities were purposefully directed." Breckenridge 444 F.3d at 1365 (citing Akro Corp. v. Luker, 45 F.3d 1541, 1548-49 (Fed.Cir.1995).

Under the relevant case law, Plaintiff is correct that West has purposely directed activities at the District of New Jersey.  On November 6, 2006, West initiated an action against Venus, All American, and Pro-Ref, alleging patent infringement and unfair competition. (Charney Decl. Ex. C).  This action alleged infringement of the '966 Patent, the very same patent at issue in the present action.  West sought a temporary restraining order, a preliminary and permanent injunction, damages, lost profits, and costs.  Id.  West chose to initiate this action in New Jersey, even though one of the defendants, Pro-Ref, was a resident of Florida.  Clearly, these actions undertaken by West constitute patent enforcement within the forum.

West, in his reply, argues that Plaintiff's reliance on Avocent is misplaced, as the court did not find jurisdiction in Avocent.  However, in Avocent, the plaintiff presented no evidence that the defendant, Aten International Co., had ever attempted to enforce the patent in the forum in which the suit was filed.  See Avocent 552 F.3d at 1339.  By contrast, West has already initiated enforcement activities in the District of New Jersey.  He cannot now, after availing himself of this forum's judicial mechanisms, cry foul when his adversary seeks relief in the same forum where West threatened to sue him.  Therefore, West has purposely directed activities at New Jersey.

Although the present claim, in order to be properly brought in New Jersey, must arise out of or relate to the prior activities, the standard for "relatedness" is more permissive than a "but for" or "proximate cause" analysis.  Id. at 1337; Breckenridge 444 F.3d at 1356.  "If the

7

defendant patentee purposefully directs activities at the forum which relate in some material way to the enforcement or the defense of the patent, those activities may suffice to support specific jurisdiction." Avocent 552 F.3d 1336.

Under the second prong, West's filing of a prior suit in New Jersey to enforce the '966 Patent is materially related to this present action. In Viam, the court found personal jurisdiction over the defendants when the defendants "initiated a suit seeking to enforce the same patent that is the subject of this suit against other parties, unrelated to this action, in the **same district court**." Viam 84 F.3d at 430 (emphasis added). These activities were found to be materially related to the current action before the court, and not so attenuated to defeat a finding of jurisdiction. Id.; Autogenomics, Inc. v. Oxford Gene Technology Ltd., 566 F.3d 1012, (Fed. Cir. 2009); Avocent 552 F.3d 1338-9.

West argues that a person's previous suit does not necessarily confer personal jurisdiction in a later suit, even if the second suit arises from the same subject as the first. (Def. Reply p. 3). However, West relies only on Wallace v. International Lifestyles, No. 06-1468, 2008 WL 623811 (E.D. Pa. Mar 06, 2008). Wallace is a non-patent negligence case from the Eastern District of Pennsylvania, which applied Florida's long arm statute. This is inapposite to the application of specific personal jurisdiction to West, as the Court is bound to apply Federal Circuit law. Breckenridge 444 F.3d at 1362. West concedes that the 2006 suit was directly related to the '966 Patent and his rights to distribute and license goods under the '966 Patent. In response to Plaintiff's motion, Defendant does not proffer what exactly could be more materially related than two suits involving the same patent and enforcement thereof. The Court is unpersuaded and finds that West cannot use personal jurisdiction as both sword and shield. Therefore, the second prong of the jurisdictional inquiry is satisfied.

However, even though plaintiff has shown that West has certain minimum contacts with New Jersey sufficient to support jurisdiction, West may be able to defeat a finding of personal jurisdiction if he can show that personal jurisdiction is not "reasonable or fair." Silent Drive 326 F.3d at 1201-1202. "In general, these cases are limited to the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1568 (Fed. Cir. 1994) (citing Burger King Corp. v. Rudzewicz, 471 U.S. at 462, 477 (1985). With respect to the reasonable and fair element, the burden of proof is on the defendant. Breckenridge 444 F.3d 1362. The defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five factor test". Id. (citing Burger King 471 U.S. 462 (1985). The factors include a) the burden on the defendant, b) the interests of the forum state, c) the plaintiff's interest in obtaining relief, d) the interstate judicial interest in obtaining the most efficient resolution of controversies, and e) the interests of the states in furthering their social policies. Viam 84 F.3d at 429 (Fed. Cir. 1996).

Here, although West argues that it would be a burden upon him to travel to New Jersey, it is obviously a burden which he has previously shouldered. Indeed, jurisdiction has been found to be reasonable when a defendant patentee had previously filed suit in the same jurisdiction regarding the same patent. See Viam, 84 F.3d at 430. West should not expect the Court to find that jurisdiction is unreasonable here when he previously filed suit in New Jersey in 2006. Additionally, Plaintiff has a high interest in maintaining the litigation in this district. Pro Sports is a New Jersey corporation, and sells the Accused Products at its principal place of business, based in Marlboro, New Jersey. (Compl. ¶ 1, 10). The state's interest is not attenuated as this

forum has presided over a similar case involving the '966 Patent. Further, in the interests of judicial efficiency, the suit is already before this Court. Finally, West offers no reason why Florida would have a compelling interest to hear this case over New Jersey that would outweigh the interests of the Plaintiff, as there is no choice of law issues that could alter the outcome of this litigation.[4] In sum, in balancing all of the factors, the Court finds that personal jurisdiction in New Jersey over West is reasonable and fair, satisfying the final prong of the jurisdictional requirement. Therefore, this court finds that it has specific jurisdiction over West.

### B. The District of New Jersey is a Proper Venue

West argues, in his original motion to dismiss, that 28 U.S.C. § 1400(b) is the applicable statute governing venue for patent infringement cases. Plaintiff subsequently argues, in his opposition, that "in declaratory judgments for patent invalidity or non-infringement the general venue provision, 28 U.S.C. § 1391 applies, rather than 28 U.S.C. § 1400(b). See Horne v. Adolph Coors Co., 684 F.2d 255, 260 (3d Cir. 1982). This contention is not challenged by West, and the Court is unaware of any law stating otherwise. Therefore, the general venue statute, 28 U.S.C. § 1391, shall govern. Since this case involves claims of non-infringement and patent invalidity involving federal law, 28 U.S.C. § 1391(b) is the applicable provision. Under 28 U.S.C. § 1391(b), when an action in federal court is not based solely on diversity, venue is proper only in the following circumstances:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

---

[4] Indeed, both the Florida and New Jersey district courts are bound to apply Federal Circuit precedent when addressing patent claims.

   (3) a judicial district in which any defendant may be found, if there is no district
   in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2008).

  Here, a substantial part of the events occurred in the District of New Jersey.  The subject of the action is the Accused Products, which are manufactured by Pro Sports, which has its place of business in New Jersey, keeps inventory of the product in New Jersey, and sells the Accused Products in New Jersey.  (Compl. ¶ 1, 10.).  This constitutes a "substantial portion of the events" giving rise to the claim.  Therefore, venue in the District of New Jersey is proper.

### III. CONCLUSION

  For the foregoing reasons, West's Motion to Dismiss is denied.


Dated: July 14, 2009                 /s/ Freda L. Wolfson
                           Freda L. Wolfson, U.S.D.J.